## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| v. | |
| **MICHAEL OTIS-CURRIE,** | **VIOLATIONS:** |
| Defendant | 18 U.S.C. §§ 2252A(a)(5)(B) (Access with Intent to View Child Pornography) |

### INFORMATION

The United States Attorney charges that:

### COUNT ONE

On or about January 7, 2021, in the District of Columbia and elsewhere, the defendant, **MICHAEL OTIS-CURRIE**, having previously been convicted of possession or control of child pornography in the state of California, knowingly accessed with intent to view one or more digital files, internet links, internet posts, and other material which contained child pornography, as defined in Title 18, United States Code, Section 2256(8), including but not limited to visual depictions of real minors, prepubescent minors and minors who had not attained twelve (12) years of age, engaged in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, had been shipped and/or transported in and affecting interstate and foreign commerce, and were produced using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

(**Access with Intent to View Child Pornography**, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B))

## FORFEITURE ALLEGATION

Upon conviction of the offense charged in Count One of the Information, the defendant shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the following:

   i. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

   ii. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   iii. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to the items seized from the defendant's person or residence on January 7, 2021.

If any of the property described in the paragraphs above as being forfeitable pursuant to 18 U.S.C. § 2253, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred to, sold to, or deposited with a third party;
   c. has been placed beyond the jurisdiction of this Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty; the

United States of America, pursuant to 21 U.S.C. § 853(p), intends to seek forfeiture of all other property of the defendant up to the value of the above described forfeitable property.

MATTHEW D. GRAVES
United States Attorney

　　/s/ Janani Iyengar　　

Janani Iyengar
Assistant United States Attorney
New York Bar No. 5225990
555 4th Street, N.W.
Washington, D.C.
202-252-7760
Janani.Iyengar@usdoj.gov